UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEONG-SUK NO,

                              Plaintiff,

          -against-

SALVATION ARMY, Markle Residence,

                              Defendant.

19-CV-11282 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, invokes the Court's diversity of citizenship jurisdiction and asserts that Defendant violated his rights. By order dated January 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff asserts his claims using the Court's general complaint form. He checks the box to indicate that he brings this action under the Court's diversity of citizenship jurisdiction. Plaintiff asserts that he is a citizen of the Republic of Korea, and writes, "applying for dual citizenship of both RoK & USA." (ECF No. 2, at 2.) He provides a New York, New York address for himself. In the section of the form to indicate the citizenship of Defendant, Plaintiff alleges that Salvation Army/Markle Residence is both incorporated and has its principal place of business "in the State of USA." (*Id.*) Plaintiff does not provide an address for Defendant.

The complaint is not a model of clarity. Plaintiff alleges facts that suggest he may be asserting state-law claims relating to an eviction, invasion of privacy, and breach of contract. For

example, he writes: "Breach of Contract (ex. prepayment refusal, not like on [illegible]";

"Invasion of privacy (ex. CCTV installation in from of my door) (ex. Getting into my own room

w/o my permission)"; "Someone, unidentified, came into my room repeatedly"; "Threatened by

unfair Eviction by Markle Residence"; "Not allowing me to pay my own rent for Apr. 2019

unless my agreement with the unfair contract month-to-month & Eviction on May 10, 2019";

"Failure to return basic services (ex. repair, inspection, mail stolen/missing, my keys, etc.)." (*Id.*

at 5.)

Plaintiff leaves blank the section of the form that asks him to describe the injuries or

medical treatment that he received as a result of the alleged violations. In the section of the form

that asks for the relief that Plaintiff is seeking, he writes: "Investigation required"; "Remedy,

Reinstitution, Compensation"; "Privacy & security protection"; "Etc."; and "More details will be

added with my lawyers." (*Id.* at 6.)

## DISCUSSION

### A.     Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua

sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.

CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway

Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

Plaintiff invokes the Court's diversity jurisdiction, but he fails to allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege (1) that he and the defendant are citizens of different states, and (2) that the claim is in excess of the sum or value of $75,000.

1. Diversity of citizenship

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the state where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.*

Under 28 U.S.C. § 1332(a), when foreign citizens are parties, diversity is present when the action is between "citizens of a State and citizens or subjects of a foreign state." A lawful permanent resident alien is considered a citizen of the American state where he or she is domiciled, and diversity is lacking when an American citizen and a lawful permanent resident alien are domiciled in the same state. 28 U.S.C. § 1332(a).

A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). "[A] limited

liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Here, Plaintiff fails to allege sufficient facts to establish his own citizenship and the citizenship of Defendant. Plaintiff states that he is a citizen of the Republic of Korea and asserts that he is seeking dual citizenship of Korea and the United States. But he provides no further information about his American citizenship status, including whether he is a lawful permanent resident. He also does not identify his domicile. In any amended complaint, Plaintiff must indicate whether he is a lawful permanent resident of the United States and, if so, he must also indicate the state in which he is domiciled. *See* 28 U.S.C. § 1332(a).

Plaintiff alleges that Defendant is both incorporated and has its principal place of business in the "USA." In any amended complaint, Plaintiff must include allegations indicating the state or states within the United States in which Defendant is incorporated, as well as the state in which Defendant has its principal place of business.

The Court reminds Plaintiff that if he is a legal permanent resident domiciled in the State of New York and Defendant is either incorporated or has its principal place of business in the State of New York, diversity of citizenship will not exist.

2.      Amount in controversy

In addition to establishing diversity of citizenship, a plaintiff invoking the Court's diversity jurisdiction must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). The sum claimed by the plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds the

sum or value of $75,000, but only if there is "a legal certainty from the complaint that [the] plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Here, the complaint alleges that Defendant has breached a contract, and further asserts, *inter alia*, that Plaintiff's privacy was invaded. Plaintiff fails to allege that he is seeking damages in excess of $75,000, and the allegations in the complaint are insufficient to suggest that his claim meets the amount-in-controversy requirement. In any amended complaint, Plaintiff must plead facts demonstrating a "reasonable probability" that his claim in is excess of the $75,000 statutory jurisdictional amount.

## PLAINTIFF'S FILINGS

Since filing this complaint on December 9, 2019, Plaintiff has submitted over a dozen documents to the Court. Plaintiff labels many of his submissions as "affidavits" or "evidence," and virtually all of them are illegible. (*See, e.g.*, ECF Nos. 6, 7, 8, 9, 20.) The Court directs Plaintiff to include all allegations he would like the Court to consider in a single amended complaint.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In any amended complaint, Plaintiff must allege facts demonstrating that the Court has diversity jurisdiction over his claims. In other words, he must allege facts indicating that he and Defendant are citizens of different states and that his claim is in excess of $75,000. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each

defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.[1]

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

---

[1] Plaintiff consented to receive electronic service of Court filings. (ECF No. 3.) But on December 19, 2019, Plaintiff filed a "notice of motion" that appears to revoke that consent. (*See* ECF No. 5.)

within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-11282 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   February 4, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

_____
_____
_____

_____ Civ. _____ ( _____ )

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

**AMENDED
COMPLAINT**

Jury Trial:  □ Yes    □ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.**    **Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____

B.    List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


Defendant No. 2    Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


Defendant No. 3    Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


Defendant No. 4    Name _____

                   Street Address _____

                   County, City _____

                   State & Zip Code _____

                   Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

      ☐ Federal Questions                    ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right
      is at issue? _____
      _____
      _____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

      Plaintiff(s) state(s) of citizenship _____

      Defendant(s) state(s) of citizenship _____
      _____

## III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.    Facts: _____
_____

| What happened to you? |

_____
_____
_____

| Who did what? |

_____
_____
_____

| Was anyone else involved? |

_____
_____

| Who else saw what happened? |

_____
_____
_____

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____
_____

## V.    Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20__.

|  |  |
|---|---|
| Signature of Plaintiff | _____ |
| Mailing Address | _____ |
|  | _____ |
|  | _____ |
| Telephone Number | _____ |
| Fax Number *(if you have one)* | _____ |

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

|  |  |
|---|---|
| Signature of Plaintiff: | _____ |
| Inmate Number | _____ |